The next case for argument is 2012-1066, ALCOHOL MONITORING v. ACTSOFT. I'll give these folks a couple minutes to clear out. I'll give these folks a couple minutes to clear out. Mr. Martin, when you're ready. Good morning, your honor. Thank you. Michael Martin on behalf of the appellant's ALCOHOL MONITORING system. As this court held in the Pfizer case, judicial estoppel and prosecution history estoppel are not applicable to arguments made to the PTO during the prosecution of a later unrelated patent in construing the claims of an earlier issued patent. Specifically, prosecution history estoppel is a doctrine that has been adopted by this court to deal with arguments that are made to the PTO. We have prosecution history estoppel by amendment and also by argument. Are you saying that judicial estoppel as a matter of law doesn't apply to patent cases? Not at all, your honor. What I'm saying is that judicial estoppel does not apply to arguments that are made to the PTO during the prosecution of a patent. Specifically, we have a species of judicial estoppel, which is prosecution history estoppel, that would apply to that situation. Judicial estoppel would not apply to that situation. Do you have a case that does that, that excludes the PTO proceedings from being encompassed within the judicial estoppel? Well, the closest I can come to a case that says that, your honor, is the Pfizer case. But the reason for that would be that judicial estoppel is a broad, ill-defined, equitable doctrine, the purpose of which is to protect the integrity of the court. Are there cases that have applied it to administrative proceedings in agencies such as the patent office? Yes, your honor, but in those cases what we're talking about are judicial type determinations where there's a factual issue that's involved. That's not what you have, as this court has held in the Phillips case. When you're talking about arguments that are made before the PTO, it is a continuing dialogue, a negotiation between the patent applicant and the examiner. That would be different than the situation where you're in court, and the last thing you have in court is a negotiation with the court. And that is why judicial estoppel... Well, I guess it may be a negotiation... So you're making a process argument that the kind of process pursued in prosecuting a patent just doesn't fit within the rubric of judicial estoppel? Yes, your honor, because... Why not? I mean, I guess I don't understand. I mean, you're right that, you know, any random comment that's made that's not acted upon or not really relevant to the prosecution, okay. But why not? Because, your honor, three reasons. Number one, we already have something to deal with that, with arguments made before the PTO, and that's prosecution history estoppel. To apply judicial estoppel under the facts of this case would subsume that, because this court has already said prosecution history estoppel is not applicable. Secondly, it would render irrelevant the claim construction framework that has been constructed by this court. And thirdly, it would render any type of meaningful review of the resulting claim construction of this court pretty much non-existent, because we'd be looking at an abuse of discretion standard as opposed to de novo review, which this court has said with prosecution history estoppel, it's de novo review. Well, that's because judicial estoppel is not going at claim construction. It's not even attempting to get the claim construction correct. It's simply penalizing someone for taking inconsistent positions. So judicial estoppel doesn't care whether it's ultimately reaching the right claim construction. It's not the policy behind it. So why are your three responses to Judge Probst, other than we already have prosecution history estoppel, the other two, to me, don't seem to be really responsive, because they're all focused on the idea of getting the claim construction right. Because that's what we had in this instance, Your Honor, was a claim construction. And the court indicated that based upon this argument in the prosecution of a later patent, we were bound, and that was the claim construction. Okay, but see, what I think you're maybe not understanding my question, and it's probably me not explaining it well, so think of it like this. Suppose the district court says, I'm going to tell the jury, give everything its plain and ordinary meaning, unless you raise with me something about that claim term by December 1st. And you raise two claim terms with him by December 1st, but you realize, oh my gosh, you realize on December 10th there's a third one you really should have raised to him, because it shouldn't be given its plain and ordinary meaning. The prosecution history is clear, the spec is clear, it shouldn't be given its plain and ordinary meaning. And he says, my process, my house, my rules, I gave you a deadline, you didn't abide by it, you don't get to make these arguments now, they're too late, and therefore time-barred, I'm not going to consider them. Well, that same scenario penalizes the person, and the claim construction doesn't end up being correct, right? The next court would then, of course, be free to look at it and say, this claim construction should be treated differently, but it's a penalty for the person who didn't comply with the rules. And why isn't judicial estoppel somewhere similar to that? Because that's a judicial proceeding. I mean, that's exactly what happened with Axoft in this case, Your Honor. There was a deadline to submit claim construction. Yeah, but the district court allowed them to supplement, so they didn't violate any of the court's rules. I understand that, but that's a judicial process, Your Honor. We're not telling you that's different than... But the Tenth Circuit's already said that the same rules for judicial estoppel apply to administrative processes, and they've cited Social Security Administration cases and things like that. So why is the Patent Office different than those? Because the Tenth Circuit's also said that the position to be estoppel must generally be one of fact rather than law or legal theory, and the site there is the Kaiser v. Olin case. And here we're talking about arguments of a lawyer that were made 15 years after the fact. We're not talking about a factual position. Does it matter that the prosecution history that's involved in this case is unrelated to the sort of patent? Oh, yes, and I think that's clear, Your Honor, that to apply judicial estoppel in this instance would require that this court disregard what has traditionally been a bright-line rule between prosecution history of related and unrelated patents. The court has consistently held that with related patents, the prosecution history of a later patent can be used to go back and construe the claims. Well, this may not be related in the patent law, technical sense of being part of the same family, but certainly there was a relationship. I mean, in prosecution of the 149, they were talking about the 919. There was clearly a relationship, as we understand the term, outside of patent land with respect to these patents, right? Yes, they were in the same technical field, but they were not related patents. This court has traditionally used that term in the Pfizer case, in the Goldenberg case. Why does that matter? Because the court has traditionally drawn a bright line between related and unrelated patents, going back at least to the late 1980s. Not in the context of judicial estoppel. Well, with the Pfizer case, it was certainly in the context of judicial estoppel because the court said that applying judicial estoppel, that evidence, that arguments before the PTO in a later patent that was not related had no relevance to claim construction for the earlier issued patent. Does it matter that the prosecution history, though it may have been in the context of an unrelated patent, but that the comments were made seeking to distinguish a prior art from the patent that isn't? Well, and I think that was the same situation in the Pfizer case. And if you were going to apply judicial estoppel, the Pfizer case, which was a much closer case than ours, because both the 995 patent, that was the later prosecuted patent, and the 893 were both involved in that case. And there was an issue before the court as to whether or not the 995 was anticipated by the 893. You say that you keep repeating Pfizer, but is Pfizer really a judicial estoppel case? There's not too much devoted there to the issue. I will agree with you, Your Honor, that there isn't a whole lot of analysis. And I think the reason for that is that no court has ever treated judicial, until this court, has ever treated judicial estoppel differently than prosecution history estoppel under the facts of this case. And if any party in this case, applying judicial estoppel, if any party in this case has played fast and loose with the facts, both before the trial court and this court, it's act soft. In its supplemental motion for partial summary judgment, it represented to the trial court that the PTO allowed the claims of the 149 patent to issue based upon a case. But you didn't, in your opposition, which I read very carefully, you included it in the appendix, you didn't object to any of that. You raised no issue with responding to any of the underlying factual-based issues for judicial estoppel. You disputed it only on the higher-level notion, which you spent most of your time on, that judicial estoppel shouldn't apply in this kind of context. So whether they played fast or loose, I don't know, because you didn't raise anything below to preserve that or present evidence that would suggest they haven't met their summary judgment burden. Well, Your Honor, we did raise the fact that summary judgment was improper based upon judicial estoppel, as well as prosecution history estoppel. At the higher-level argument, you didn't specifically argue that, for example, the patent wasn't awarded because of the statement. You didn't specifically argue that the statements weren't inconsistent. You didn't make any of the underlying predicate argument. I agree with you, Your Honor. It was not briefed as well as it should have been. We were a month away from trial, or two weeks away from trial. This sort of came out of left field. But I think this court, if the facts are essentially undisputed and interests of justice are at stake, this court can take a look at the underlying facts. And the underlying facts are that their representation that the 149 was issued based upon this active-passive distinction simply wasn't true. There was no evidence to support that. And that's why the court stated in its order that the court will assume that the plaintiff's representations. I think about it. I can't reverse a district court judge on the basis of something you never raised to him. If I started to do that, imagine, A, I would be universally hated, and B, the unpredictability that would infuse into our system of justice. But still, Your Honor, there has to be evidence to support. If you're going to enter a summary judgment, there has to be evidence to support summary judgment. And they pointed to the prosecution history, which shows a patent that was allowed and shows a series of arguments that were made. But not that. And it was critical to the court's ruling, but not that. It was a burden to come back at when they put forth there. And you didn't. So why don't you spend your time on the other stuff? Because I want to hear more about why judicial estoppel shouldn't apply in this context. Because to me, that's the big issue in the case that I'm finding most difficult. And so I would like you to help me with that. Because, Your Honor, here we have a judicial estoppel would be clearly in conflict with claim construction in this instance because you're using judicial estoppel to change the claim construction. I would agree with you that... Let me ask you this. What if the identical statements that were made with regard to the 149 here were made before the ITC? Okay? The ITC, as you probably know, is an Article I tribunal, so it's not judicial in the sense of Article III. It's part of the executive branch of government. But it's very much a tribunal. It's a court. And many times, these cases go on in parallel between district courts and the ITC. So I think this is sort of a very real situation where you have parties having the same disputes in both forms at the same time. So suppose these statements were made before the ITC, the identical statements. Would that be a basis for creating judicial estoppel? They weren't made in the course of prosecution. They were made to try to argue about the validity of the 149 before the ITC. Would that argument... And they were successful on the basis of that. And we took the position that the claim construction for the 919 required active participation before the ITC, and that was not a patent that was at issue in the litigation? Correct, but it resulted in you prevailing on the 149, and let's just say there's no dispute about that because the ITC wrote it up that way. Because they've made it clear that this patent is limited to this, I won't find 149 obvious, and therefore they win. So just so that the facts are crystal clear. And that statement's made in the ITC. Is that a basis for judicial estoppel? I believe under those circumstances, yes, it would be, Your Honor. Just as if I took a position... I'm glad you said that, because I think it would be unreasonable if you didn't go there, you know? And sometimes advocates want to say no to everything. I don't want to say no to that. What's the difference in this case? Is your argument depending on the PTO being different than the ITC, and that makes all the difference? Exactly. And so we have the application, and the specific application of the prosecution history estoppel, two arguments that are made before the PTO. Aren't they both administrative agencies? No question, administrative agencies. But in one instance... Well, the Social Security Administration is clearly an administrative agency, and the Tenth Circuit has told us that the judicial estoppel doctrine applies to the Social Security Administration. And that is to judiciary-type functions that are opposed... or that... judiciary-type functions that are undertaken by the administrative agency. And that is different, in my mind, than the type of negotiation that you have before the PTO. What about before the Board, though? Once you get to the stage of the Board of Patent Appeals and Interferences, it's no longer a negotiation. It seems much more judicial at that point. To me, you know, the attorneys don't have any active participation with the Board of Judges. They are APJs, not ALJs, but APJs, which are very similar. What there? Suppose the statement had been made before the Board, not before the examiner. Would that be sufficiently judicial, like the ITC or the Social Security Administration? And we had prevailed based upon that statement? Yes, I think then we'd have a problem. So you think that the line that you would draw is between the judicial tribunals and you would put administrative tribunals, which function in a judicial capacity, in that one box, and then the sort of negotiation at the Patent Office of the examiner. I don't know that we can draw a clear line. There are other factors that should enter into that also. One is whether or not you're talking about a factual determination or a factual argument as opposed to an argument about the law or a legal argument. What case says that judicial estoppel should be... I don't think you're going to say anything that says it should be limited to only factual arguments. Or is there? Am I wrong? The case I cited earlier, Kaiser v. Bolin, 455 Federal 3rd, 1197, 1204, talks about that. But it doesn't limit it to factual arguments. It just sort of says the documents that are suited for it or something along those lines? It's the precise language. The position to be estoppel must generally be one of fact rather than law or legal theory. And that's a Tenth Circuit case? Yes. Okay. We have your argument. You've exceeded your time. But in light of all the questions, we'll restore two minutes of rebuttal, and therefore we'll give the other side to try to keep it somewhat even. Another three minutes added to your time, if you need it, and only if you need it. Thank you. Good morning. Kyle Fleming for the defendants. With me is Todd Tucker and Rick Fee. I'd like to start by directing the Court's attention to the Lampe decision from this Court. I believe it's a 2000 decision that discussed judicial estoppel in connection with statements that had been made to the PTO. In that case, the statements were made in connection with the trademark application, where the patentee had made statements about when the trademark had first been used. Was the trademark issued in reliance on those statements? I don't believe that the opinion gets into it. In that case, the district court... How about in this case? Do we know if the patent was issued in reliance of the arguments being made before the PTO? I think it's clear from the record that it was made at least in partial reliance on those arguments. Does it matter? For judicial estoppel purposes, does it matter whether the arguments that were made before the body were actually relied on or part of the basis for the issue of the decision? I think the Tenth Circuit standard talks about that the statements had to have been accepted by the earlier agency or the earlier judicial body. So if we have a decision and there's nothing in the decision that indicates whether the statement's relied on or not, then would judicial estoppel apply in that situation? Well, to the extent you're suggesting that in this case those are the facts, I would say yes, it does apply. Here, when you look through, the plaintiffs made three statements about the 919. One would be that the transmission required the active participation of the person wearing the bracelet. One was that the 919 patent required a cable. And one was that the transmission in the 919 was not automatic, pursuant to the so-called second schedule, but was only affected when the wearer plugged the cables in. Now, repeatedly, or several times certainly throughout the prosecution history, the examiner agreed with each of those points, and even in the notice of allowance identifies the lack of a second schedule in the prior art as being one of the reasons for allowance. But the fact is that there was a series of rejections based on the 919 patent, plus another reference. These arguments were made each time, and in each instance the rejection was withdrawn, and the examiner had to come up with a new rejection. So to suggest that the examiner didn't rely on the arguments just doesn't make any sense. He wouldn't have withdrawn the objection or the rejection. Now, you were trying to rely on Lampe to support your position, but you notice that Lampe doesn't say the doctrine of judicial estoppel is applicable to actions for the PTO. And in fact, in the case, I've got the case right here, they ultimately hold that the doctrine of judicial estoppel doesn't apply in that case for reasons underlying that the statements weren't necessarily inconsistent, and you can't prove they got it because of the statement. Right, I agree that judicial estoppel was held not to apply in those situations. There isn't a clear statement that judicial estoppel would otherwise apply but for this. Like, in this case, if the statements were totally not inconsistent, double negative, but you know what I'm saying, right? The statements really could be reconciled, they could both exist. And I could say, you know, we conclude that there's no judicial estoppel here for this reason. I don't have to go whole hog and say it never applies because of the context of prosecution. You know, there are different ways to skin a cat. So I'm just wondering how Lampe helps you. Well, I guess I would have thought that if the answer was that statements made to the PTO could never form the basis of judicial estoppel, that would have been the reason judicial estoppel was not applied. That Judge Bryson wouldn't have bothered to go through the individual factors. Right, that would have been. Maybe they didn't argue it. It might be that they didn't argue it. But I think that they spent more time on that than the court did in the Pfizer case discussing why it wouldn't apply. Well, I was going to ask you about Pfizer because your friend on the other side repeatedly referred to Pfizer. Yeah, I mean, you know, I looked at the underlying briefs in Pfizer. There's hardly any reference to judicial estoppel. I would say that it was not a major, by any stretch of the imagination, an argument being made. And certainly it's dispensed with with no analysis, you know, kind of in passing, which, you know, to take that sentence out of context, you know, take that sentence and say, OK, well, now as a matter of law, we're never going to let it apply. I don't think that the Pfizer case can be read as deciding that issue so grandly. Especially, again, if that were. But it makes some other arguments. I mean, there's several of them floating around that are all very much interrelated. One, that you've got prosecution history for patent estoppel. Two, that the PTO process is fluid in their statements. It's not a judicial proceeding. There are clear-cut assertions made and denials on the record. And also, he adds in the question about claim construction, how that's peculiar to patent law. So can you respond to any of those? Yeah, yeah. Well, I would say that judicial estoppel in this case isn't in conflict with or inconsistent with claim construction or prosecution history estoppel, because they're two different things. Claim construction, of course, answers the question, what does this claim term mean to a person of ordinary skill in the art? To borrow a concept from real property, it runs with the patent. It has the same meaning regardless of who owns it and regardless of when it's being assessed. Judicial estoppel protects the integrity of the system by barring parties from changing positions. It runs with the party, not the patent. So by using judicial estoppel to limit arguments that a party is making, that's not a claim construction issue. And in fact, I would point out that in the appellant's blue brief, page 29, footnote 1, they say that Judge Brimmer did not construe step E to add the requested limitation. The fact is that the judge did not reconstrue the term or anything like that. He's not saying, as a matter of law, to one of skill in the art, this is what it means. He's simply saying, you told the patent office one thing. I'm not going to let you come into court and say the opposite. As far as prosecution history estoppel, again, prosecution history estoppel is, of course, a limit on the doctrine of equivalence arguments you can make. The judge, in fact, ruled in plaintiff's favor on this issue. He declined to apply it and limit. Here's my concern. If I were to buy into the notion that judicial estoppel can be applied in a context like this, why would anybody ever bother with prosecution history estoppel again? Because you can get all the conduct, can't you, under prosecution history estoppel, under the doctrine of judicial estoppel. And then you've got the added benefit of being bulletproof on appeal because of the abuse of discretion standard, where, as you know, prosecution history estoppel and claim construction would normally be de novo. So why wouldn't judicial estoppel end up swallowing the doctrine of prosecution history estoppel if we were to do this? Well, I guess a couple things. I mean, there are other factors at issue. So the court would have to look and see that all these factors are all these other factors. One would be that it has to be the same party making the statements to the patent office that are making the inconsistent statements later. The other is that. What do you mean it's the same party? How would that not apply for prosecution history estoppel? Well, it may not be the party who's asserting the patent later. It may not be the party who made the statements during prosecution. Do you really think that there wouldn't be a privity of contract like with collateral estoppel and res judicata that would flow through judicial estoppel? OK, you go in and you get the patent on the basis of making statements to the PTO about what its scope should be. Then you sell it to him. You suddenly think he's free and clear to disavow your earlier statements under judicial estoppel theory. It doesn't seem like it would work that way. I'm afraid there's not a collateral estoppel privity of parties. I guess I'm not willing to say that every transfer would result in those statements flowing. But certainly, there would be a privity of contract. So the minions don't follow their patent. They follow their statement of the party. I believe right that. You're not sure is the bottom line. You don't know how that's going to flesh out. I don't because it wasn't an issue here. Like most of the other issues, it wasn't raised below. And therefore, it wasn't really subject to this. But I guess I would also say then, the reason that you would bother with prosecution history estoppel is that, as Judge Bremer did here, that they still had a doctrine of equivalence argument that they could make. They could still say, yes, but what the defendants are doing is the equivalent of what we told the patent office to do. I don't understand. Under judicial estoppel, if they're going to be judicially estopped, how would the scope of the resulting estoppel be any different than the prosecution history estoppel scope? I'm not following you. I guess what I'm trying to say is that judicial estoppel simply stops you from, for example, in this case, stops you from going into the trial and saying that the 919 patent doesn't require or doesn't require active participation or doesn't require a cable. But as Judge Bremer said, they were free to try the case and try to show equivalence that using a cable, I believe the judge's example in his opinion was that you could try establishing that RF transmission is the equivalent of using a cable. Is that still a live issue then? Is there still a live issue in this case? I was confused. That was kind of an aside. But with regard to the stipulation they made with respect to non-infringement and whether that means this case ends, if we affirm, as opposed to whether or not there's still a DOE issue floating around. No, they gave up the DOE issue when they moved for judgment. If they hadn't given up the DOE issue, there would still be that live DOE issue. I feel that I haven't satisfactorily answered your question. No, it's just that you're giving me a lot to think about. So you think that under judicial estoppel, quite frankly, I was not thinking about it as thoroughly as you're explaining it. Judicial estoppel, in my mind, meant they're not free to argue that anybody can infringe absent human participation. And so I sort of thought that the judicial estoppel doctrine took everything off the table for it, much like prosecution history estoppel would. Can't prove it literally. Can't prove it under DOA with prosecution history estoppel. That's the end of it. And so I sort of thought the same notion applied for the judicial estoppel concepts. And you're saying not in this case and not in general? Certainly not in this case. I mean, Judge Brimmer, although he found the application of judicial estoppel warranted, expressly declined to enter summary judgment of non-infringement and said, in essence, even though I'm holding you to these arguments and I'm not going to let you, this is more like a motion in limine ruling, I'm not going to let you make these contrary arguments at trial, but I'm going to let you go to trial and try to show equivalence. And they just gave up that argument. On this point, on human interaction, on human participation, active versus passive, because it just seems like, it doesn't seem like if you've made the argument this patent only uses humans, and the judge says you're traditionally stopped from saying any of the contrary, but you can go ahead and say chimpanzees or non-humans. I know that's not the real issue here, but you get what I'm saying. I mean, you could go ahead and say non-humans are good through DOE. I mean, it just doesn't, once the, I kind of had the sense that he allowed doctrine of equivalence on some RF or cable issue that was distinct from the human interactive issue. And that's true. Am I misremembering it? He says what remains, there remains a genuine question of fact as to whether the jury could find that wireless transmission via Bluetooth technology is the equivalent of transmission through the connection of a cable. So we all have the same set of facts here. That's the issue that was left open that you were referring to. Although I assume that he meant that all those issues were left open, because if you couldn't prove equivalence, let's say, for the human participation, then he should have granted summary judgment. If that's an element that they couldn't prove, there'd be no, I see your point. He must have implicitly agreed because he denied our motion. But do you see, I certainly see your point. And yes, I completely agree that if he had found no DOE, then he should have granted the motion and not said there's something left for trial. But do you see that my concern, if he's saying there's judicially a stop from arguing that you can infringe this patent absent human intervention, then why in the world is he going to allow them to do it through doctrine of equivalence? Well, I guess what he's saying is... I mean, if you made a statement to the PTO that this patent can only be used through human intervention, nobody's going to give you any range of equivalence or let you literally assert it. I'm certainly not suggesting that their case was a good one or that their doctrine of equivalence argument was good. I mean, we asked the court to enter summary judgment, so we obviously disagreed with the judge on that. No, this has nothing to do with their argument. What I'm trying to get at is I'm trying to figure out why is the scope of judicial estoppel and prosecution history estoppel are identical? And you started this by saying to me, which put me sort of in a state of confusion, that no, because DOE is still available for judicial estoppel, but it's not for prosecution history estoppel. And then my head exploded. So I was sort of trying to work through that with you because it wasn't something I had thought through. I guess it would depend very heavily on what the statements were that were being made to the PTO actually said. I mean, so I don't think you can say in every case they would be coextensive. In this case, certainly when you say that the 919 patent requires something that seems very definitive and doesn't leave open a lot of room for equivalence. So why isn't prosecution history estoppel? You know there's that statutory canon of construction or constitutional interpretation, all those things that say the specific governs over the general. And so why isn't it the case that patent law has its own special unique way of dealing with this? It has existed for a million years and been rubber stamped by the Supreme Court in a dozen cases, including Festo, acknowledged in all these cases. Prosecution history estoppel is the way to deal with statements before the patent office. And the judicial estoppel doctrine simply doesn't apply here. The judicial estoppel doctrine is a general doctrine that applies outside the patent office, but in the patent office, patent law has established a way of dealing with this, which has been validated by the Supreme Court. Why isn't that the answer? The patent law already gives us the doctrine to do this. Again, I go back to I think the doctrines are different. Prosecution history and judicial estoppel apply in different ways. They bind different entities. And I still believe that maybe in most cases judicial estoppel won't be co-extensive with what prosecution is. Because we're dealing with a non-family of patents. We're dealing with statements about a prosecution of a patent other than the one that's in suit, right? Right. I think there are certain difficulties with respect to prosecution history estoppel. So it almost seems to me like judicial estoppel is almost a clean-up that would cover things that are not covered by prosecution history. Again, I agree with that. Because, again, it's a different doctrine. With my colleague's indulgence, I've got to ask you just one more question because I know your time has expired and this is mostly my fault. The question, though, and Judge Frost asked it to you and then I think I took you away from it. She pointed out he raised three issues, one of which he raised I think is an important issue and I really want to hear your response is there's a difference between a judicial tribunal or a judicial-like tribunal and the Social Security Administration proceedings and maybe even the Board of Patent Appeals and Interferences proceedings would fall in that judicial category along with the ITC but that sort of the back and forth that just occurs with an examiner has none of the indicia of judicial. It's not being recorded. There are no transcriptions. It's totally different. Why should judicial estoppel be extended that far? Because the Tenth Circuit put it only at the quasi-judicial proceedings that occur in Social Security. Why should I believe they would take it this far down into administrative process? Because I think that it's protecting the system and I think the policy behind protecting the system from being gained by changing your arguments applies equally whether you're talking about an administrative agency acting as an administrative agency, an administrative agency acting in some kind of quasi-judicial capacity. The underlying point is the same that you can't make inconsistent arguments that are relied on by one agency or tribunal or court and go somewhere else and make contrary arguments. So I think the policy still applies and when I read these cases there was no distinction drawn between how the agency was acting. And I assume you would also want to point out that this court relies as a matter of law all the time on this prosecution history and what went down. In construing a claim, for example, we will often, as a legal matter, construe a claim and rely on the prosecution history. So they're treated by us not as some random statements that we shouldn't construe. We construe and use them all the time in deciding questions of law. Yes, I would say that. Thank you very much. Okay, Mr. Martin, we'll give you three or four minutes if you need them to respond. Just three points, Your Honor, thank you. Going back to Judge Rayna's question, this patent was issued for two reasons and two reasons alone, that none of the prior art references when we're talking about the 149 patent, none of the prior art references taught a second schedule for transmitting data from the modem to the monitoring station and that none taught sending an alert to a supervising agency over a second communication link. This argument about passive-active distinction had nothing to do with the eventual allowance of the 149 patent. In fact, every time it was made, this argument was rejected by the examiner who found that it would have been obvious to combine the system of the 919 with the radio frequency type transmission without the active participation of the subject as taught by Kars, and that's at pages 3330 and 3331 of the Joint Appendix, and later Turcotte, and that's at page 3095 of the Joint Appendix. So if this court were to extend a doctrine of judicial estoppel well beyond its normal confines, I'm not sure that this is the type of case where clearly we received... Were the statements inconsistent? I think they were. Judge Brimmer, his opinion was that the statements were inconsistent before the PTO and the position was taken in the litigation, that somehow or another one could be the equivalent of the other, and I don't know how you reconcile that to say that the statements are inconsistent but the doctrine of equivalence applies. It just doesn't seem to me that that's possible, and that's why we ended up stipulating to the entry of the judgment and came up here. Statements, inconsistent statements, in my view, were made, but the patents, the PTO, never accepted those arguments in issuing the 149, and the Tenth Circuit clearly requires as one element for judicial estoppel to apply that the party to be estopped obtained some advantage as a result of the inconsistent argument, and that was not the case here. The inconsistent argument was made, the patent was not issued on that basis, and so there was no advantage that was given to AMS. Finally, I just wanted to briefly address the Lampe case, and that case, first of all, the court determined that judicial estoppel was not applicable, but that, as I read the case, concerned a factual issue regarding when a product was first on sale, and there was a one-year on-sale bar problem with respect to the trademark, and the parties first indicated that it was sold such that the on-sale bar would apply and then later change that position, and when we were talking about it earlier, that seems to me to be the type of factual issue where the Tenth Circuit has indicated that in a judicial or quasi-judicial proceeding, judicial estoppel may apply, and is different than this situation where you have a lawyer who is making arguments, which this court has held numerous times in connection with coin constructions. Lawyer arguments are not evidence, and unless the court has any other questions, that's all I have. Thank you, counsel. The case is submitted.